IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 19-121 |
| KOLEDIN ENTERPRISES, INC.<br>EMIL KOLEDIN<br>  aka BUTCH KOLEDIN | |

## INFORMATION MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Brendan T. Conway, Assistant United States Attorney for said District, and submits this Information Memorandum to the Court:

### I. THE INFORMATION

A forty-count information was filed against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANT |
|---|---|---|---|
| 1 | Conspiracy<br>2012 to March 2017 | 18 U.S.C. § 371 | BOTH |
| 2,3 | Sale of Merchandise Imported Contrary to Law<br>January 27, 2016 (Count 2)<br>February 10, 2016 (Count 3) | 18 U.S.C. § 545 | KOLEDIN ENTERPRISES, INC. |

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANT |
|---|---|---|---|
| 4-14 | Sale of Merchandise Exported Contrary to Law<br>May 14, 2014 (Count 4)<br>Mary 4, 2014 (Counts 5 and 6)<br>June 12, 2014 (Counts 7-9)<br>June 13, 2014 (Counts 10-12)<br>June 16, 2014 (Counts 13-14) | 18 U.S.C. § 554 | KOLEDIN ENTERPRISES, INC. |
| 15-25 | Sale of Misbranded Drugs with the Intent to Defraud<br>August 17, 2015 (Count 15)<br>August 21, 2015 (Count 16)<br>January 28, 2016 (Counts 17 and 18)<br>February 10, 2016 (Count 19)<br>August 22, 2016 (Count 20)<br>January 3, 2017 (Count 21)<br>January 23, 2017 (Count 22)<br>February 1, 2017 (Count 23)<br>February 14, 2017 (Count 24)<br>March 4, 2017 (Count 25) | 21 U.S.C. §§ 331(a) and 333(a)(2) | KOLEDIN ENTERPRISES, INC. |
| 26-30 | Sale of Misbranded Drugs with the Intent to Defraud<br>December 30, 2015 (Count 26)<br>December 31, 2015 (Count 27)<br>January 4, 2016 (Count 28)<br>January 6, 2016 (Count 29)<br>January 9, 2016 (Count 30) | 21 U.S.C. §§ 331(a), and 333(a)(2) | KOLEDIN ENTERPRISES, INC. |
| 31-35 | Mail Fraud<br>June 12, 2014 (Count 31)<br>June 13, 2014 (Count 32)<br>June 16, 2014 (Count 33)<br>January 27, 2016 (Count 34)<br>February 11, 2016 (Count 35) | 18 U.S.C. § 1341 | KOLEDIN ENTERPRISES, INC. |
| 36-40 | Wire Fraud<br>March 19, 2015 (Count 36)<br>January 26, 2016 (Count 37)<br>February 23, 2016 (Count 38)<br>April 15, 2016 (Count 39)<br>July 6, 2016 (Count 40) | 18 U.S.C. § 1343 | KOLEDIN ENTERPRISES, INC. |

## II. ELEMENTS OF THE OFFENSES

### A. As to Count 1:

In order for the crime of Conspiracy to Defraud Agencies of the United States, in violation of 18 U.S.C. § 371, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That two or more persons agreed to commit an offense or offenses against the United States, as charged in the information;

2. That the defendant was a party to or member of that agreement;

3. That the defendant joined the agreement or conspiracy knowing of its objectives to commit offenses against the United States and intending to join together with at least one other alleged conspirator to achieve those objectives; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve common goals or objectives, to commit offenses against the United States; and

4. That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

Third Circuit Model Criminal Jury Instruction 6.18.371A.

### B. As to Counts 2 and 3:

In order for the crime of Sale of Merchandise Imported Contrary to Law, in violation of 18 U.S.C. § 545, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. Merchandise had been brought into the United States contrary to law; and

2. The defendant facilitated the sale of the merchandise knowing that it had been brought into the United States contrary to law.

3

Model Crim. Jury Instr. 9th Cir. 8.38 (2018), Model Crim. Jury Instr. 9th Cir. 8.38 (2018)

**C.    As to Counts 4 to 14:**

In order for the crime of Sale of Merchandise Exported Contrary to Law, in violation of 18 U.S.C. § 554, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant knowingly OR fraudulently exported merchandise;

2. That the defendant's exportation was contrary to law; and

3. That the defendant knew the exportation of the merchandise was contrary to law or regulation.

"Merchandise" means goods, wares, and chattels of every description, and includes merchandise the exportation of which is prohibited.

Pattern Crim. Jury Instr. 5th Cir. 2.26 (2015), Pattern Crim. Jury Instr. 5th Cir. 2.26 (2015)

**D.    As to Count 15 to 30:**

In order for the crime of Sale of Misbranded Drugs with the Intent to Defraud, in violation of 21 U.S.C. §§ 331(a) and 333(a)(2), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. The defendant caused the introduction into interstate commerce the drug referred to in the Information;

2. The drug was misbranded for one or more of the reasons set forth in the Information; and

4

3. That the defendant acted with the intent to defraud or mislead.

21 U.S.C. §§ 331(a), 333(a)(1) and 333(a)(2).

**E.     As to Counts 31 to 35:**

In order for the crime of Mail Fraud, in violation of 18 U.S.C. § 1341, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant knowingly devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises;

2. That the defendant acted with the intent to defraud; and

3. That in advancing, furthering, or carrying out the scheme, the defendant used the mails or caused the mail to be used.

Third Circuit Model Criminal Jury Instruction 6.18.1341.

**F.     As to Counts 36 to 40:**

In order for the crime of Wire Fraud, in violation of 18 U.S.C. § 1343, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises or wilfully participated in such a scheme with knowledge of its fraudulent nature;

2. That the defendant acted with the intent to defraud; and

3. That in advancing, furthering, or carrying out the scheme, the defendant transmitted any writing, signal, or sound by means of a wire, radio, or television communication

in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

Third Circuit Model Criminal Jury Instruction 6.18.1343.

### III. PENALTIES

A. **As to Count 1: Conspiracy (18 U.S.C. § 371):**

1. Imprisonment of not more than 5 years (18 U.S.C. § 371);

2. A fine not more than the greater of;

   (a) $250,000 (18 U.S.C. § 3571(b)(3));

   or

   (b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

3. A term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

4. Any or all of the above.

B. **As to Counts 2 and 3: Sale of Merchandise Imported Contrary to Law (18 U.S.C. § 545):**

1. Imprisonment for not more than twenty (20) years;

2. A fine not more than the greater of;

   (a) $250,000 (18 U.S.C. § 3571(b)(3));

   or

(b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

3. A term of supervised release of not more than three (3) years (18 U.S.C. §§ 3559 and 3583);

4. Any or all of the above.

**C. As to Counts 4 to 14: Sale of Merchandise Exported Contrary to Law (18 U.S.C. § 554):**

1. Imprisonment for not more than ten (10) years;

2. A fine not more than the greater of;

(a) $250,000 (18 U.S.C. § 3571(b)(3));

or

(b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

3. A term of supervised release of not more than three (3) years (18 U.S.C. §§ 3559 and 3583);

4. Any or all of the above.

**D. As to Counts 15-30: Sale of Misbranded Drugs with the Intent to Defraud (21 U.S.C. §§ 331(a) and 333(a)(2)):**

1. A term of imprisonment of not more than three years (21 U.S.C. § 333(a)(2));

2. A fine of $250,000 (18 U.S.C. § 3571(e));

7

3. A term of supervised release of not more than three (3) years (18 U.S.C. § 3583)

4. Any or all of the above.

**E. As to Counts 31 to 35: Mail Fraud (18 U.S.C. § 1341):**

1. Imprisonment for not more than twenty (20) years;

2. A fine not more than the greater of;

    (a) $250,000 (18 U.S.C. § 3571(b)(3));

    or

    (b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

3. A term of supervised release of not more than three (3) years (18 U.S.C. §§ 3559 and 3583);

4. Any or all of the above.

**F. As to Counts 36 to 40: Wire Fraud (18 U.S.C. § 1343):**

1. Imprisonment for not more than twenty (20) years;

2. A fine not more than the greater of;

    (a) $250,000 (18 U.S.C. § 3571(b)(3));

    or

    (b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

3. A term of supervised release of not more than three (3) years (18 U.S.C. §§ 3559 and 3583);

4. Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant, EMIL KOLEDIN a/k/a BUTCH KOLEDIN, is convicted, pursuant to 18 U.S.C. § 3013.

A mandatory special assessment of $400 must be imposed at each count upon with the defendant, KOLEDIN ENTERPRISES, INC., is convicted, pursuant to 18 U.S.C. § 3013(a)(2)(B).

## V. RESTITUTION

Restitution may be required in this case as to Counts One through Forty, together with any authorized penalty, as part of the defendants' sentences pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664, unless agreed to by the parties, as here.

## VI. FORFEITURE

Not applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

BRENDAN T. CONWAY
Assistant U.S. Attorney
PA ID No. 78726